UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| HECTOR VALDEZ, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 16-195-DCR |
| ) | |
| v. ) | |
| ) | |
| FRANCISCO QUINTANA, Warden, ) | **MEMORANDUM OPINION** |
| et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Hector Valdez is confined at the Federal Medical Center in Lexington, Kentucky (FMC-Lexington). Proceeding without counsel, Valdez filed a civil rights action under 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging that the defendants violated his constitutional rights. [Record No. 1] Valdez is apparently suing the defendants in their official and individual capacities. He claims that the defendants displayed deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the U.S. Constitution and also engaged in medical malpractice. [Record Nos. 1, 1-1] The matter is before the Court for screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

The Court will dismiss Valdez's complaint. As an initial matter, Valdez's claims against the defendants in their official capacities are barred by sovereign immunity. Next, Valdez's Eighth Amendment claims against the defendants in their individual capacities

-1-

fail to state claims upon which relief may be granted.  Finally, the Court will decline to exercise supplemental jurisdiction over Valdez's claims of medical malpractice.

**I.**

Valdez alleges that he injured his foot at a previous institution and subsequently sought help from the medical staff at FMC-Lexington.  [Record No. 1 at 2-3]  He claims that he requested that the staff provide him with "special shoes" that would help him stabilize his feet.  However, Valdez contends that he was given the incorrect shoe size and, as a result, suffered additional harm because his left foot shifted and slid when he walked.  Valdez alleges that "[t]he already damaged area was unable to heal" and, as a result, he "was in constant pain."  [Record No. 1 at 2]

Valdez further alleges that he brought this issue to the defendants' attention, but he claims that "they ignored my request and stated I was just complaining and the treatment they provided was adequate."  Valdez ultimately argues that "[t]he Warden allowed his staff to provide inadequate medical care," that "Mr. Banto and Mr. Armentano made decisions that caused me to suffer and disregarded doing what was reasonable," and that "Ms. Baker failed to provide the treat[ment] I needed and did not report the injury seriousness [sic] to the physical therapist; instead, she allowed me to suffer . . . ."  [Record No. 1 at 2]

After the alleged foregoing events, Valdez pursued administrative remedies in early 2015 through the Federal Bureau of Prisons.  He attached to his complaint a number of documents related to this administrative review process.  [Record No. 1-1 at 1-10]  During

that process, Warden Francisco Quintana responded to Valdez's request for an administrative remedy by summarizing the medical care that Valdez had allegedly received. [Record No. 1-1 at 3-4] According to the Warden, physical therapists saw Valdez multiple times regarding his foot, issued him a custom orthotic, and determined that he demonstrated good ambulation with a cane. [Record No. 1-1 at 3] The Warden also stated that Valdez's feet were re-measured and, when it was determined that his "current shoe was one-half size too large and a bit too wide," new medical shoes were ordered. [Record No. 1-1 at 3-4] The Warden further asserts that, among other things, the prison's nurse subsequently treated Valdez and determined that his wound seemed to be improving. [Record No. 1-1 at 4]

Valdez pursued his administrative remedies through the appeals process after receiving the Warden's response. In doing so, he repeated the arguments that he was provided inadequate medical care and that his medical needs were disregarded. [Record No. 1-1 at 6, 7] However, Valdez also acknowledged that he had received at least some medical care. Indeed, he wrote, "I made every effort to comply with the doctors [sic] instructions, but his diagnosis was premature and I was not ready for a cane when prescribed a cane." [Record No. 1-1 at 6] Likewise, Valdez later wrote, "[t]he medical care plan developed and implemented by primary care provider team was misdiagnosised [sic] and the results were I was providing [sic] with shoes that caused greater damage to my feet . . . ." [Record No. 1-1 at 7] Ultimately, Valdez's administrative appeals were denied. [Record No. 1-1 at 5, 8-9]

Valdez then filed this lawsuit against four defendants: (1) FMC-Lexington Warden Francisco Quintana; (2) "Officer Banta," who apparently is a physical therapist at FMC-Lexington; (3) "Officer Armentano," who also apparently works in the physical therapy office at the prison; and (4) "Wound Care Nurse Baker," who Valdez claims is now retired. [Record No. 1 at 1-2]. While it is not clear from the complaint whether Valdez is suing the defendants in their official or individual capacities [Record No. 1], he stated during the administrative appeals process that agents of the United States "should . . . be held responsible in their individual capacities as well as their official capacities." [Record No. 1-1 at 7]. Ultimately, Valdez claims that the defendants displayed deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution and also engaged in medical malpractice. [Record No. 1 at 2, 4] Valdez is seeking $250,000 in monetary damages. [Record No. 1 at 8]

## II.

Valdez's claims against the defendants in their official capacities are barred by sovereign immunity. This is because the United States as a sovereign is generally immune from suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). This immunity extends to claims against government agents acting in their official capacities. *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). While the United States can expressly waive its immunity, it has not done so in *Bivens* actions. *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989). Therefore, Valdez's claims against the defendants in their official capacities are barred.

Valdez's Eighth Amendment claims against the defendants in their individual capacities fail to state claims upon which relief may be granted. Under certain circumstances, a prisoner can establish an Eighth Amendment violation if he or she is provided inadequate medical care. However, the plaintiff must show that the defendant acted with deliberate indifference to the plaintiff's serious medical needs. *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Here, even when the complaint is construed in the light most favorable to Valdez, the plaintiff cannot establish a cause of action under the Eighth Amendment.

Even if the Court assumes that Valdez's medical needs are serious, the statements he made while pursuing his administrative remedies and now incorporates into his complaint, establish that the defendants did not act with deliberate indifference to those needs. Valdez tacitly acknowledged on multiple occasions that he received medical treatment and simply disagreed with the diagnoses he was given. He stated, for example, that he "made every effort to comply with the doctors [sic] instructions, but his diagnosis was premature and [he] was not ready for a cane when prescribed a cane." [Record No. 1-1 at 6] Likewise, he later wrote that, "[t]he medical care plan developed and implemented by primary care provider team was misdiagnosised [sic] and the results were I was providing [sic] with shoes that caused greater damage to my feet . . . ." [Record No. 1-1 at 7] The Sixth Circuit has recognized that, in this situation, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts

are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Similarly, the court has repeatedly recognized that a mere disagreement over medical treatment does not give rise to a constitutional claim of deliberate indifference. *See, e.g., Wright v. Sapp*, 59 F. App'x 799, 801 (6th Cir. 2003); *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003).

Since Valdez's own statements indicate that he has been examined and treated by medical staff at FMC-Lexington and that he simply disagrees with the adequacy of that treatment and the diagnoses he was given, he has failed to state viable Eighth Amendment claims.

While Valdez has not stated viable claims under the Eighth Amendment, the Court reaches no conclusion as to his medical malpractice claims. Instead, the Court simply declines to exercise supplemental jurisdiction over these claims. This is because the Court has already dismissed Valdez's Eighth Amendment claims, and it further concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining jurisdiction over those state law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims").

**III.**

In summary, the Court will dismiss Valdez's complaint. Valdez's claims against the defendants in their official capacities are barred by sovereign immunity. Further, his Eighth Amendment claims asserted against the defendants in their individual capacities fail to state claims upon which relief may be granted. Finally, the Court will decline to exercise supplemental jurisdiction over Valdez's medical malpractice claims. Accordingly, it is hereby

**ORDERED** as follows:

1. Valdez's Eight Amendment claims are **DISMISSED**, with prejudice.

2. Valdez's state law medical malpractice claims are **DISMISSED**, without prejudice.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

This 5th day of April, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge